UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE T. HERRON,

                Plaintiff,

v.

IRS,

                Defendant.

Case No. 25-CV-763-JPS

**ORDER**

1. **INTRODUCTION**

Plaintiff Lawrence T. Herron ("Plaintiff"), proceeding pro se, sues the Internal Revenue Service ("IRS") for "taking [his] taxes since 2015." ECF No. 1. Plaintiff also moves for leave to proceed without prepayment of the filing fee. ECF No. 2. This Order screens Plaintiff's complaint and addresses his motion for leave to proceed in forma pauperis. For the reasons discussed herein, the Court will dismiss this action without prejudice and deny Plaintiff's motion for leave to proceed in forma pauperis as moot.

2. **MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit a request to proceed without prepaying the filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and*

*recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).[1]

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 3.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those "impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

The Court declines to analyze whether Plaintiff is indigent because, as it discusses *infra* Section 3, Plaintiff's action is subject to dismissal. The Court accordingly denies Plaintiff's motion for leave to proceed in forma pauperis as moot.

**3.    SCREENING THE COMPLAINT**

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his complaint, Plaintiff alleges that the IRS has been "taking [his] taxes since 2015." ECF No. 1 at 2. He pleads that he has custody of his daughter and that "someone use[d] her for the[ir] taxes in 2016" without his permission. *Id.* He seeks reimbursement plus interest, as well as damages for his "pain." *Id.*

Plaintiff cannot proceed with his claim against the IRS, both because the IRS is immune from suit and because "the Federal Torts Claims Act expressly excludes from waiver [of sovereign immunity] actions connected with the assessment or collection of taxes." *E.g., Hagner v. IRS*, No. 90-3246,

Page 4 of 6
Case 2:25-cv-00763-JPS    Filed 06/04/25    Page 4 of 6    Document 4

1992 U.S. App. LEXIS 3927, at *2–3 (7th Cir. Mar. 9, 1992) (citing *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987); *Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir. 1985); and 28 U.S.C. § 2680(c)); *Sampson Invs. v. Sampson*, 111 F. Supp. 2d 1064, 1065 n.1 (E.D. Wis. 2000) ("[A]gencies such as the IRS are not 'suable' entities . . . ." (quoting *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952))).

And to the extent that Plaintiff's allegation regarding someone using his daughter's identity "for the[ir] taxes" without his permission, ECF No. 1 at 2, could be liberally construed as a state law claim for fraud against a John or Jane Doe, such a claim could also not proceed. It is not pleaded with particularity as required, *Coltman v. Kase*, 870 N.W.2d 248, ¶ 18 (Wis. Ct. App. 2015) (citing Wis. Stat. § 802.03(2) and *Friends of Kenwood v. Green*, 619 N.W.2d 271, ¶ 14 (Wis. Ct. App. 2000)), and in any event the Court does not clearly have jurisdiction over it, *Pain Ctr. of SE Ind. LLC v. Origin Healthcare Sols. LLC*, 839 F.3d 454, 458 (7th Cir. 2018) ("Because the prerequisites for diversity jurisdiction must be proved and not presumed, John Doe defendants are ordinarily forbidden in federal diversity suits." (citing *Howell ex rel. Goerdt v. Tri. Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997))).

For these reasons, the Court must dismiss this action. And because amendment would be futile, the Court will not grant Plaintiff leave to amend. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)). This dismissal will operate without prejudice since it is on sovereign immunity grounds. *Lewis v. Suthers*, No. 10 C 6522, 2011 WL 2415166, at *4 (N.D. Ill. June 10, 2011) (collecting cases).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff Lawrence T. Herron's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.